

**LOUISIANA WORKFORCE COMMISSION**
Benefit Analysis Team
P.O. Box 94186
Baton Rouge, LA 70804-9186

**NOTICE OF CLAIM FILED**





RECEIVED

MAY 1 – 2020

**Opelousas Housing Authority**
906 E Laurent St
Opelousas, LA 70570-0000

Claimant/Job Seeker:
Jimmie Emery

Employer Account Number:
000000000

Claim Effective Date (BYB):
04/19/2020

Claim Ending Date (BYE):
04/17/2021

# NOTICE OF UNEMPLOYMENT CLAIM FILED

Mail Date: <u>04/23/2020</u>

| <u>Name</u> | <u>Social Security #</u> | <u>Last Day of Work</u> | <u>Reason for Separation</u> |
|---|---|---|---|
| Jimmie L Emery | XXX-XX-4282 | 7/1/2019 | Terminated / Fired |

On 04/22/2020, your company, Opelousas Housing Authority, was listed on the above named claimant/job seeker's application for unemployment insurance as a place of employment during the last 18 months. Please indicate your reason for the claimant's separation below and give an explanation why this person left your employment.

☐ Claimant did not work for the Company
☐ Layoff ☐ Leave Of Absence ☐ Labor Dispute/Strike
☐ Resigned/Quit ☐ Suspended from Work ☐ Part Time or Reduced Hours
☐ Terminated/Fired

Explain Reason for Separation (attach additional page(s) if necessary): _____

_____

Most recent beginning date of employment with your company ___/___/_____
Most recent last day worked with your company ___/___/_____
Total wages earned during most recent employment with your company $_____

If the job seeker/claimant is receiving or due any of the following payments, please provide the amount paid and the number of hours paid.

| | Amount Paid | Hours | | Amount Paid | Hours |
|---|---|---|---|---|---|
| Vacation (**Not** Paid Time Off) | $_____ | _____ | Severance | $_____ | _____ |
| Bonus | $_____ | _____ | Holiday Pay | $_____ | _____ |
| Wages in Lieu Of Notice | $_____ | _____ | Workers' Comp | $_____ | _____ |
| Pension | $_____ | | Number of hours normally worked Per Week | | _____ |
| If Lump Sum, what would the monthly amount be? | $_____ | | Hourly Rate of Pay | $_____ | |
| Is the job seeker on a temporary layoff with a definite date of return? | Y___ N___ | | | | |
| If Yes, what is the date? | ___/___/___ | | | | |

*Please read the other side of this form for important information regarding deadline for response.*
**Your company may have been identified as a base period employer, which could impact your Employer Tax Rate.**



CI-1a 1 of 2     18CD7BD8-8C6B-4138-8846-D0AE70EF2426

**EXHIBIT**

**A**



**LOUISIANA WORKFORCE COMMISSION**
Benefit Analysis Team
P.O. Box 94186
Baton Rouge, LA 70804-9186

**NOTICE OF CLAIM FILED/BASE PERIOD EMPLOYER**

Claimant/Job Seeker:
Jimmie Emery

Employer Account Number:
1664947

Claim Effective Date (BYB):
04/19/2020

Claim Ending Date (BYE):
04/17/2021

**Hous Auth Of City Of Opelousas**
Po Box 689
Opelousas, LA 70571-0689

552



# NOTICE OF UNEMPLOYMENT CLAIM FILED - BASE PERIOD EMPLOYER

Mail Date: **04/23/2020**

| **Name** | **Social Security #** | **Last Day of Work** | **Reason for Separation** |
|---|---|---|---|
| Jimmie L Emery | XXX-XX-4282 | 7/1/2019 | Layoff |

On 04/22/2020, your company, HOUS AUTH OF CITY OF OPELOUSAS, was listed on the above named claimant/job seeker's application for unemployment insurance as a place of employment during the last 18 months. Please indicate your reason for the claimant's separation below and give an explanation why this person left your employment.

☐ Claimant did not work for the Company      ☐ Labor Dispute/Strike
☐ Layoff      ☐ Leave Of Absence      ☐ Part Time or Reduced Hours
☐ Resigned/Quit      ☐ Suspended from Work      ☐ Terminated/Fired

Explain Reason for Separation (attach additional page(s) if necessary): _____

_____

**Most recent beginning date of employment with your company**    ___/___/_____
**Most recent last day worked with your company**    ___/___/_____
**Total wages earned during most recent employment with your company**    $_____

**If the job seeker/claimant is receiving or due any of the following payments, please provide the amount paid and the number of hours paid.**

| | Amount Paid | Hours | | Amount Paid | Hours |
|---|---|---|---|---|---|
| Vacation (Not Paid Time Off) | $_____ | _____ | Severance | $_____ | _____ |
| Bonus | $_____ | _____ | Holiday Pay | $_____ | _____ |
| Wages in Lieu Of Notice | $_____ | _____ | Workers' Comp | $_____ | _____ |
| Pension | $_____ | | Number of hours normally worked Per Week | | _____ |
| If Lump Sum, what would the monthly amount be? | $_____ | | Hourly Rate of Pay | $_____ | |
| Is the job seeker on a temporary layoff with a definite date of return? | Y___ N___ | | | | |
| If Yes, what is the date? | ___/___/___ | | | | |

*Please read the other side of this form for important information regarding deadline for response.*
*Your company may have been identified as a base period employer, which could impact your Employer Tax Rate.*



Cl-1c  1 of 2      CD498B33-0BE6-4410-97A1-FD94CF40CE0C



U.S. Department of Justice
Civil Rights Division

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

CERTIFIED MAIL
7018 1830 0000 1245 0181

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson , EMP, PHB, Room 4701*
*Washington, DC 20530*

February 20, 2020

Mr. Jimmie L. Emery
214 Terry Michael Street
New Iberia, LA  70560

Re:  EEOC Charge Against Opelousas Housing Authority
     No. 461201902152

Dear Mr. Emery:

   Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. 12111, et seq., against the above-named respondent.

   If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.  If you cannot afford or are unable to retain an attorney to represent you, the Court may, at its discretion, assist you in obtaining an attorney.  If you plan to ask the Court to help you find an attorney, you must make this request of the Court in the form and manner it requires. Your request to the Court should be made well before the end of the time period mentioned above.  A request for representation does not relieve you of the obligation to file suit within this 90-day period.

   The investigative file pertaining to your case is located in the EEOC New Orleans District Office, New Orleans, LA.

   This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

                              Sincerely,

                              Eric S. Dreiband
                              Assistant Attorney General
                              Civil Rights Division

                       by   *Karen L. Ferguson*
                            Karen L. Ferguson
                            Supervisory Civil Rights Analyst
                            Employment Litigation Section

cc: New Orleans District Office, EEOC
    Opelousas Housing Authority

**RECEIVED**

**DEC -9 2019**



John J. Rabalais, LLC.
Janice B. Unland, A.P.L.C.
Chad N. Evans, L.L.C.*
Matthew D. Crumhorn, L.L.C.
Gabriel E.F. Thompson***
Joshua B. Couvillion

**RABALAIS UNLAND**
ATTORNEYS AT LAW

1404 Greengate Drive, Suite 110. Covington, LA 70433
Telephone 985.893.9900 I Facsimile 985.893.7620

Rudolph (Chase) Boeneke III*
Jonathan R. Landry
Blake M. Alphonso
Megan C. Gladner
Antonio DeMaio
Daniel E. Brauner
Cory A. Morgan
Emma Moppert
Alexander T. Hautot
Natasha Z. Wilson
H. Byron Carter, III ** of Counsel

*Also Admitted in TX  I  ** Admitted in MS & AL  I  ***Also Admitted in MA  I  ****Also Admitted in MS

December 3, 2019

**VIA CERTIFIED MAIL/RRR**
Opelousas Housing Authority
**ATTENTION: PERSONNEL RECORD CUSTODIAN**
906 E. Laurent St.
Opelousas, LA 70570

      Re:  Jimmie Emery v. Montgomery Transport, LLC, et al.
           Docket #    :    684763
           D/A         :    08/10/2018
           Client Claim # :    MON180000090
           Our File #   :    6051/0001

Dear Sir/Madam:

    This office represents the interests of **Montgomery Transport, LLC** in a claim filed by the above referenced individual. In that regard, enclosed please find a copy of an employment authorization signed by *JIMMIE EMERY (SSN: 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; DOB: 09/04/1985)*. We would appreciate you providing a certified copy of any and all records, including the following:

    *A complete and certified copy of your entire personnel (including medical) file on JIMMIE EMERY (SSN: 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; DOB: 09/04/1985) in your custody, control or possession, including, without limitation, employment application, prior work history, list of references, resume', W-2 Forms, 1099 Forms, employee evaluation reports, performance reviews, payroll records, Social Security earnings information, accident reports, workers' compensation claim forms, letters of resignation, separation notices, correspondence, writings, notations, medical records of any kind, doctor's notes, prescriptions forms, health insurance coverage documentation and claim forms, workers' compensation coverage documentation and claim forms and any and all electronically stored information and any and all other information in your possession.*

Covington Office (Primary):
1404 Greengate Drive, Suite 110 • Covington, LA 70433

Houston, TX Office:
5599 San Felipe Street, Ste 900 • Houston, TX 77056

Jackson, MS Office:
P.O. Box 720636 • Byram, Mississippi 39272

Opelousas Housing Authority
December 3, 2019
Page 2

If your facility is unable to locate any records or if the records have been destroyed please fill out and forward the attached certification indicating that you have no records; It is not necessary to call us.

If you should have any questions concerning this request, please do not hesitate to contact me at (985) 893-8619.

Thanking you in advance for your cooperation and assistance herein.

Very truly yours,

RABALAIS UNLAND

Kristyn B. Paylor,
Paralegal to Chad N. Evans

Enclosure: *Executed Employment Authorization

# RECORD CERTIFICATION

☐ CERTIFIED RECORDS ENCLOSED

☐ **NO** RECORDS EXIST FOR THIS INDIVIDUAL

☐ RECORDS HAVE BEEN DESTROYED

I hereby certify that the attached records on *JIMMIE EMERY* *(SSN: 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; DOB: 09/04/1985)* are true and correct copies of those kept in the regular course of business of this facility and that they constitute all of the records that this facility possesses on this claimant.

_____
NAME (PLEASE PRINT)
CUSTODIAN OF RECORDS

_____
TITLE

_____
COMPANY

_____
SIGNATURE

_____
DATE

## EMPLOYMENT AUTHORIZATION

**TO WHOM IT MAY CONCERN:**

Please let this serve as my authorization for you to furnish to Rabalais Onland, their agents, representatives or other designees, including but not limited to private investigators, medical case managers, vocational rehabilitation counselors, and attorneys working for, with or at the direction of Rabalais Onland, with a complete and certified copy of your entire personnel file on the undersigned, including documentation and records pertaining to the undersigned in your custody, control or possession, including, without limitation, employment application, prior work history, list of references, resume', W-2 Forms, 1099 Forms, employee evaluation reports, performance reviews, payroll records, Social Security earnings information, accident reports, workers' compensation claim forms, letters of resignation, separation notices, correspondence, writings, notations, doctor's notes, prescriptions forms, health insurance coverage documentation and claim forms, workers' compensation coverage documentation and claim forms.

This authorization is unlimited as to time and photocopies or similar reproductions may be substituted for the original authorization.

This authorization does not authorize the release of any information verbally concerning my employment with you outside of my or my attorney's presence.

_12|3|19_
DATE

_Jimmie Bonney_

_09-04-1985_
DATE OF BIRTH

_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_
SOCIAL SECURITY NUMBER



**U.S. Equal Employment Opportunity Commission**
**New Orleans Field Office**

Hale Boggs Federal Building
500 Poydras Street, Room 809
New Orleans, LA 70130
(504) 635-2579
TTY (504) 595-2958
FAX (504) 595-2884
1-800-669-4000

Respondent: OPELOUSAS HOUSING AUTHORITY
EEOC No: 461-2019-02152

Jimmie L. Emery
214 Terry Michael Street
New Iberia, LA 70560

Dear Mr. Emery:

The Equal Employment Opportunity Commission has received your request for a Notice of Right to Sue in the above referenced charge.

Your request has been forwarded to the U.S. Department of Justice (DOJ) for action. That Agency will act on your request and issue the Notice directly to you.

If you have any questions, please call this office at (504) 635-2579.

On behalf of the Commission:

DEC - 2 2019
Date

Keith T. Hill
Director

cc:

27th Judicial District Court

~~City Court of Opelousas~~
~~IN AND FOR WARD ONE~~
~~ST. LANDRY PARISH~~
~~P.O. BOX 1999 Opelousas, LA 70571-1999~~

**PLAINTIFF**
**Jimmie Emery**

                                        **Petition for Suit**
                                        **FILE NO** 20 C 1032 D

**V.**

**DEFENDANT**
**Opelousas Housing Authority**
**906 E. Laurent Street**
**Opelousas, La 70570**

**PLAINTIFF, JIMMIE EMERY, Hereby,** files suit against Opelousas Housing Authority for
Misconduct as it leads to Controversy, Emotional Distress, Public Embarrassment, Hostile Work
Environment, Discrimination of a Disability not given.

        I Jimmie Emery {Plaintiff} hereby states that Mrs. Joanna Tyler {Executive Director}
was fully aware of my automobile accident that happen in Aug 2018. We had a very open
discussion which she recorded. Mrs. Tyler was advised that I could do the job based on my
experience and ability in the field. I turn down 4 other jobs to work for Mrs. Tyler.  Mrs. Tyler
fired me because a family clinic was being bias, and she refused to except any other documents
to prove that I was more than capable of doing the job. I believe she fired me for a disability
because I advised her that my supervisor did not want to be my supervisor. I complied with the
job duties given and was retaliated against because of it. Mrs. Tyler neglected my rights for
employment and as a result I was fired, and any other job offers I had, I lost. Mrs. Tyler created a
hardship that lead to Emotional Distress.
        In Addition to working for Opelousas Housing Authority I received Public
Embarrassment because I except a job that and now I must tell everybody I no longer work there
for doing my job. It is embarrassing to be fired for doing the right things. I spent two weeks
telling everybody who I was and what my role was. People laugh because they knew Mrs. Tyler
was going to find a way to fire me like she did the person before me. Mrs. Tyler was creating a
hostile work environment because she allowed me to be treated in a way that no one should be
treated when trying to do the right thing. This must stop here; she should be held accountable for
her action.
        As another result Mrs. Tyler could never be honest with me about being fired. She made
me spend an entire day getting notes for my doctor that she knew already she wasn't going to
except. Mrs. Tyler sent me a letter in the mail that states I was fired for a non-disciplinary action
and removed from my position as a Housing Authority Inspector. It also stated that I do not have
a right to an appeal this decision to the State Civil Service Commission. I considered to be within
my Probationary period. Civil Service 9.1 Establishes a probationary period of not less than six
nor more than twenty-four months. The Housing Authority of the City of Opelousas utilizes a
probationary period of no less that twelve months before an employee can be considered for a

St. Landry Parish Clerk of Court's Office
Filed ___ March 10 20 20
_Ashlie Prudhomme_
Dy. Clerk

OPELOUSAS, LOUISIANA 3 20 2020
This is to certify that the above is a true
and correct copy of the original on file in the
office of the Clerk of Court of St. Landry Parish.
_Ashlie Prudhomme_
Deputy Clerk of Court

period authorized by the Civil Service Rule if the employee, abilities performance remains in question. The probationary period is a working-test period during which a new employee's abilities and performance are evaluated. This period should be used for the new employee only. This period should be used for the new employee's adjustment and for the elimination of any employee whose performance des not meet the required standard of work. However, it is illegal to discriminate for a disability. Title VII prohibits discrimination based on Race, Color, Religion, Sex or National Origin. It makes it illegal for employers to discriminate based upon protected Characteristics regarding terms, conditions and privileges of employment. It includes age, Carer and Parental Status, Disability {including Physical, Sensory and Intellectual Disability, Work Related Injuries, Medical Conditions, and Mental, Psychological and Learning Disabilities} Employment Activity, Gender Identity, Lawful Sexual activity and Sexual Orientation, Industrial Activity, Marital Status, Physical Features, Political belief or activity.

As a third result, it is illegal to intentional cause Emotional Distress. Intentional infliction of Emotional Distress {IIED; sometimes called the tort of outrage} is a common law tort that allows individuals to recover for severe Emotional Distress. Emotional Distress caused by another individual who intentionally or recklessly inflicted emotional distress by behaving in an "extreme and outrageous way" Public Humiliation- the act of embarrassing someone in the eyes of other people can create a civil cause of action if the victim experience damages to his reputation finances or physical body. Public Humiliation can be a type defamation, which is the tort of making false statements that causes damages to someone else if the statement were made with at least a negligent disregard for their truth. There is no Doctor that has placed me on any restriction and therefore Opelousas Housing is responsible for any Misconduct, Emotional Distress, Public Embarrassment, Hostile Work Environment

As one can see, then, That I was not fired because I failed to comply with the rules. I was fired for non-disciplinary action. I hereby request this motion, so that this case in controversy can proceed, so that the Honorable Court can find an appropriate basic for judicial determination and the difference or dispute of a hypothetical or abstract character; from one that is academic or moot. The dispute relates to legal rights and obligations arising from neglect of employment. The dispute is definite and concrete, not hypothetical or abstract.

This is an attempt to resolve and issue and be paid for damages caused by your company. You have 15 days to respond to this demand, otherwise this suit will continue under the court of law.

Thank You for Your Time, and I look forward from hearing from you Via Email ~~_____~~ or in writing at 214 Terry Michael St New Iberia La 70560.

~~225-312-2154~~ 337-326-2277 (214 Terry Michael St New Iberia 70560)

Jimmie Emery

Please Serve: Defendant Joanna Tyler (Executive Director)
Opelousas Housing Authority
906 E. Laurent Street
Opelousas, LA 70570

St. Landry Parish Clerk of Court's Office
Filed   3-10   20 20
Abbie Brudhomme
Dy. Clerk

OPELOUSAS, LOUISIANA 3-20  20 20
This is to certify that the above is a true and correct copy of the original on file in the office of the Clerk of Court of St. Landry Parish.
Abbie Brudhomme
Deputy Clerk of Court



Opelousas
**Housing Authority**
*Opening Doorways to Success*

337.942.5693  ☐ P.O. Box 689
337.942.1334      Opelousas, LA 70571-0689
800.846.5277  ☐ 906 E. Laurent Street
800.947.5277      Opelousas, LA 70570

OpelousasHousing.com 🏠

Mr. Jimmie Lee Emery
214 Terry Micheal St.
New Iberia, La  70560

Dear Mr. Emery,

RE:  Separation

You have been employed by the Opelousas Housing Authority a little less than two-weeks.  You currently serve as the **Housing Inspector 2**.  This letter will serve as notice of your non-disciplinary removal from your position as **Housing Inspector 2**.

You do not have the right to appeal this action to the State Civil Service Commission.  In your current position, you are under the Probationary Period.  Civil Service Rule 9.1 establishes a probationary period of not less than six nor more than twenty-four months.  The Housing Authority of the City of Opelousas utilizes a probationary period of no less that twelve months before an employee can be considered for permanent status.  The probationary period may extend through the entire twenty-four month period authorized by the Civil Service Rules if the employee's abilities performance remain in question.

The probationary period is a working-test period during which a new employee's abilities and performance are evaluated.  This period should be used for the new employee only.  This period should be used for the new employee's adjustment and for the elimination of any employee whose performance does not meet the required standard of work.

Thanking you in advance,


Joe Ann Tyler
Executive Director
Opelousas Housing Authority

St. Landry Parish Clerk of Court's Office
Filed  3·10      20 2 0
Dy.  Clerk

OPELOUSAS, LOUISIANA  3·20  20 20
This is to certify that the above is a true
and correct copy of the original on file in the
office of the Clerk of Court of St. Landry Parish.
Deputy Clerk of Court

| Joe Ann Tyler | James Rollins | Alice Cole | Linda Prudhomme | Alfred Dupree | Johnnie Simmons |
|---|---|---|---|---|---|
| Executive Director | Board Member | Board Member | Board Member | Board Member | Board Member |

**7. JOB DUTIES AND RESPONSIBILITIES**

Provide a brief statement describing the function of work or reason why the position exists.  List duties indicating the percent of time spent for each area of responsibility.  If applicable, describe any unusual physical demands and/or unavoidable hazards of the position.  Attach additional pages if necessary.

If duty(s) are short-term / temporary and nonrecurring, note beginning and ending dates and percent of time required to perform the duty(s).  Begin the writing of your short-term duty statement(s) as follows:  (SHORT-TERM – beginning and ending dates)
   Example:  (SHORT-TERM – 1/1/99 thru 1/31/99) . count......

PERCENTAGES MUST TOTAL 100%    LIST DUTIES IN DECREASING ORDER OF IMPORTANCE / COMPLEXITY.  THE NEED FOR SPECIAL LICENSE, POLICE COMMISSION, KNOWLEDGE OR TRAINING MUST BE INDICATED BELOW, IF APPLICABLE.

30%-Performs initial inspections prior to tenant signing a lease to move in and once tenant has moved out of the unit and will train OHA Personnel to determine a unit for readiness to occupy.

20%-Make sure all units are up to date with regards to city codes and HUD standards and will convey to maintenance personnel.

20%-Provides mediation between Housing Authority and tenant complaints.

10%-Performs re-inspections of failing units.

10%-Provides mediation between Housing Authority and tenants about repairs and ordinances.

10%-Writes reports of findings.



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New Orleans Field Office**

500 Poydras St., Room 809
New Orleans, LA 70130
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
New Orleans Status Line: (866) 408-8075
New Orleans Direct Dial: (504) 595-2826
TTY (504) 595-2958
FAX (504) 595-2884
Website:

## MEDIATION CONFIRMATION

**Charge Number:** 461-2019-02152

**Charging Parties:** Jimmie L. Emery

**Respondent:** Opelousas Housing Authority

This is to confirm that (co-mediator) if applicable and I have been selected to conduct a mediation session scheduled for the date, time, and location indicated below:

**Date:**  November 8th (Friday)

**Time:**  1:00 PM

**Location:**  EEOC – New Orleans
Hale Boggs Federal Bldg
500 Poydras Street, Suite 809
New Orleans, LA 70130

This information will be shared with all parties attending the mediation session. Parties are reminded that persons with authority to resolve the charge or their representatives, if any, are permitted to attend the mediation.

The following individuals will attend the mediation conference:

**Charging Parties:**
Jimmie Emery

**Respondent:**

Please read, sign, and return the two documents attached:  1) EEOC's Agreement to Mediate and 2) EEOC's Confidentiality Agreement.  As a reminder, any settlement agreement signed as a result of the mediation process is legally binding on the parties and if signed by the EEOC, enforceable by the Commission. All disclosures made during the mediation shall be treated as confidential, except that imminent or actual threats of harm

will be reported to the appropriate authorities. If a settlement is reached as a result of the mediation, I am required to report to EEOC any benefits received. As noted in the confidentiality agreement, this information is reported to the EEOC only for the purpose of providing aggregate data for the evaluation of the mediation program

Please let me know if any individuals attending the mediation requires an accommodation, or has another need that must be addressed in order to participate in the mediation, so that we can make any necessary arrangements in advance.

____Yes   or   ✓/No

_____
_____
_____

If you have any questions regarding this email, the documents attached or the mediation process, please do not hesitate to contact me.

I look forward to working with you to resolve this matter.

Best regards,


**Michael Anderson**
**EEOC Mediator**
**Houston District Office & New Orleans Field Office**

**Direct: 713.651.4964**
**Fax:   713.651.7994**
**Email:**



## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### New Orleans Field Office

500 Poydras St., Room 809
New Orleans, LA  70130
Intake Information Group:  (800) 669-4000
Intake Information Group TTY:  (800) 669-6820
New Orleans Status Line:  (866) 408-8075
New Orleans Direct Dial:  (504) 595-2826
TTY (504) 595-2958
FAX (504) 595-2884
Website:

## AGREEMENT TO MEDIATE

CHARGE NUMBER: **461-2019-02152**

Charging Party: **Jimmie L. Emery**  Respondent: **Opelousas Authority**

This is an agreement by the parties to participate in a mediation involving **Jimmie L. Emery** and **Opelousas Housing Authority** in the above referenced charge. The parties understand that mediation is a voluntary process, which may be terminated at any time.

The parties and, if they desire, their representatives and/or attorneys, are invited to attend a mediation session.  No one else may attend without the permission of the parties and the consent of the mediator(s).

The mediator(s) will not function as the representative of either party.  However, the mediator(s) may assist the parties in crafting a settlement agreement.  Each party acknowledges being advised to seek independent legal review prior to signing any settlement agreement.

The parties acknowledge that they have received a copy of the Mediation Fact Sheet.

The parties acknowledge that the mediator(s) possesses the discretion to terminate the mediation at any time if an impasse occurs or either party or the mediator deems the case inappropriate for mediation.

The parties acknowledge that participation in the scheduled mediation does not constitute an admission by either party of any wrongdoing or of a violation of the laws enforced by EEOC. Furthermore, the Charging Party acknowledges that participation in the scheduled mediation by the Respondent does not commit the Respondent to providing a monetary resolution of the matter.

The parties recognize that mediation is a confidential process and agree to abide by the terms of the attached Confidentiality Agreement. The parties acknowledge that if a settlement is reached as a result of the mediation, the assigned mediator(s) is required to report to EEOC any benefits received.  This information is reported only for purposes of providing aggregate data to the EEOC for mediation program evaluation purposes, and the individual terms of the agreement will not be disclosed to the public.

_Jimmie Emery_ 10/18/19
Charging Party                Date        Respondent                      Date

_____        _____
Charging Party's Representative    Date        Respondent's Representative        Date



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New Orleans Field Office**

500 Poydras St., Room 809
New Orleans, LA 70130
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
New Orleans Status Line: (866) 408-8075
New Orleans Direct Dial: (504) 595-2826
TTY (504) 595-2958
FAX (504) 595-2884
Website:

## CONFIDENTIALITY AGREEMENT

**CHARGE NUMBER:** 461-2019-02152

1. The parties agree to participate voluntarily in mediation in an effort to resolve the charge(s) filed with the EEOC.

2. The parties agree that all matters discussed during the mediation are confidential, unless otherwise discoverable, and cannot be used as evidence in any subsequent administrative or judicial proceeding. Confidentiality, however, will not extend to threats of imminent physical harm or incidents of actual violence that occur during the mediation.

3. Any communications between the ADR Coordinator and the mediator(s) and/or the parties are considered dispute resolution communications with a neutral and will be kept confidential.

4. The parties agree not to subpoena the mediator(s) or compel the mediator(s) to produce any documents provided by a party in any pending or future administrative or judicial proceeding. The mediator(s) will not voluntarily testify on behalf of a party in any pending or future administrative or judicial proceeding. The parties further agree that the mediator(s) will be held harmless for any claim arising from the mediation process.

5. Mediation sessions will not be tape-recorded or transcribed by the EEOC, the mediator or any of the participants. All information including all notes, records, or documents generated during the course of the mediation shall be destroyed at the conclusion of the session. Parties or their representatives are not prohibited from retaining their own notes. However, EEOC will not maintain any such notes or records as part of its record keeping procedures.

6. If a settlement is reached by all the parties, the agreement shall be reduced to writing and when signed shall be binding upon all parties to the agreement. If the charge(s) is not resolved through mediation, it is understood by the parties that the charge(s) will be transferred to the investigative unit for further processing.

| | | | |
|---|---|---|---|
| *Jimmie Emery* 10/10/19 | | | |
| Charging Party | Date | Respondent | Date |
| | | | |
| Charging Party Representative | Date | Respondent Representative | Date |



U.S. Department of Justice
Civil Rights Division

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

**CERTIFIED MAIL**
· 7018 1830 0000 1245 0181

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson , EMP, PHB, Room 4701*
*Washington, DC 20530*

February 20, 2020

Mr. Jimmie L. Emery
214 Terry Michael Street
New Iberia, LA  70560

Re:  EEOC Charge Against Opelousas Housing Authority
        No. 461201902152

Dear Mr. Emery:

Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. 12111, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.  If you cannot afford or are unable to retain an attorney to represent you, the Court may, at its discretion, assist you in obtaining an attorney.  If you plan to ask the Court to help you find an attorney, you must make this request of the Court in the form and manner it requires. Your request to the Court should be made well before the end of the time period mentioned above.  A request for representation does not relieve you of the obligation to file suit within this 90-day period.

The investigative file pertaining to your case is located in the EEOC New Orleans District Office, New Orleans, LA.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

Eric S. Dreiband
Assistant Attorney General
Civil Rights Division

by  *Karen L. Ferguson*
Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc: New Orleans District Office, EEOC
    Opelousas Housing Authority

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):**   The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

**If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.**

"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):

➢ The limitations from the impairment no longer have to be severe or significant for the impairment to be considered substantially limiting.

➢ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities"** now include the operation of **major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.

➢ Only one major life activity need be substantially limited.

➢ With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.

➢ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it would be substantially limiting when active.

➢ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months.**

"Regarded as" coverage:

➢ An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

➢ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.

➢ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.

➢ A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note:   Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment.  Beyond the initial pleading stage, some courts will require specific evidence to establish disability.*  For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

# GEORGE RAYMOND WILLIAMS, M.D., ORTHOPAEDIC SURGERY
## A PROFESSIONAL MEDICAL L.L.C.

Specializing in Spinal Disorders and Orthopaedic Trauma

1233 Wayne Gilmore Circle, Suite 250A

Opelousas, LA 70570

(337) 948-8556   Phone

(337) 948-6881  Fax

## Physician Return to Work Form

**Date of Exam**  6/28/2019

**Provider Name**        George Williams, MD

**Patient Name**  JIMMY EMERY

**The injury is:**  Not Work Related

## GEORGE RAYMOND WILLIAMS, M.D., ORTHOPAEDIC SURGERY
### A PROFESSIONAL MEDICAL, L.L.C.
Specializing in Spinal Disorders and Orthopaedic Trauma
1212 Wagner Gilmore Circle, Suite 250A
Opelousas, LA 70124
(337) 948-3534  Phone
(337) 948-6881  Fax

## Physician Return to Work Form

**Date of Exam**  6/28/2019

**Provider Name**  George Williams, MD

**Patient Name**  JIMMY EMERY

**The injury is:**  Not Work Related

**Temporary Degree of Disability %:**  0%

FULL DUTY

**Comments:**

FAXED TO OPELOUSAS HOUSING AUTHORITY AT 942-1334

George Williams, MD

Electronically signed on 6/28/2019 11:59 AM

Temporary

Degree of      0%

Disability %:

FULL DUTY

Comments:

FAXED TO OPELOUSAS HOUSING AUTHORITY AT 942-1334

George Williams, MD

Electronically signed on 6/28/2019 11:57 AM

Find messages, documents, photos or people



Compose

Inbox
Unread
Starred
Drafts　27
Sent
Archive
Spam
Trash
∧ Less

Views　Show
Folders　Hide
+ New Folder
  bank
  bill
  Business
  Court Doc
  credit
  food stamp
  gloria
  home depot ...
  hot topic
  Jobs
  jorden melton
  mortgage
  movies
  one bravo co...
  one bravo ho...
  one bravo la...
  pic
  rayfield
  school
  Taxes
  word genius　18
  yvonne martin

← Back  ⬅ ⬅⬅ ➡  Archive  Move  Delete  Spam  ···

Jimmie's Physical Evaluation  2　　　　　　　　Yahoo/Sent

SM　Steven McBrain <SMcBrain@coderedsafety.com>　　Jul 1 at 9:36 AM
To: jimmie_lee2@yahoo.com

To Whom This May Concern,

On 3/15/2019 I evaluated Jimmie Emery during his hire in process with Code Red Safety Rescue Department, during his evaluation he was required to complete a Stair Climb, Confined Space Entry, Dummy Drag, and Equipment Carry and he completed all this within the allowed time and he did well by completing these tasks under the allowed time.

⬅ ⬅⬅ ➡ ···

Jimmie Emery <jimmie_lee2@yahoo.com>　　Jul 1 at 9:53 AM
To: Joe Ann Tyler

› Show original message

Reply, Reply All or Forward



Find messages, documents, photos or people

← Back   ↞ ↞ →   Archive   Move   Delete   Spam   ⋯

JOE ANN TYLER
EXECUTIVE DIRECTOR
OPELOUSAS HOUSING AUTHORITY

> Show original message

Jimmie Emery <jimmie_lee2@yahoo.com>
To: Joe Ann Tyler      May 31 at 9:42 AM

Thank you and when are you ready and time

On Fri, 5/31/19, Joe Ann Tyler <ohaed@opelousashousing.com> wrote:
Subject: RE: Interview
To: "Jimmie Emery" <jimmie_lee2@yahoo.com>
Date: Friday, May 31, 2019, 9:29 AM

May 31, 2019

The starting pay equals $36,317.00.   You will
be under the supervision of Mr. Joseph Pitre.

Again, thanks. We look forward
to working with you!

JOE
ANN TYLER
EXECUTIVE DIRECTOR
OPELOUSAS HOUSING AUTHORITY

——Original
Message——
From: Jimmie Emery [mailto:jimmie_lee2@yahoo.com]

Sent: Thursday, May 30, 2019 5:28 PM
To: Joe Ann Tyler <ohaed@opelousashousing.com>
Subject: RE: Interview

Thanks and what would be the pay

On Thu, 5/30/19, Joe Ann Tyler <ohaed@opelousashousing.com>
wrote:

Subject: RE:
Interview
To: "Joe Ann
Tyler" <ohaed@opelousashousing.com>
Cc: "Jimmie Emery" <jimmie_lee2@yahoo.com>
Date: Thursday, May 30, 2019, 11:55 AM

#yiv4841137974
#yiv4841137974 —

_filtered #yiv4841137974
{font-family:Helvetica;panose-1:2
1 1 6 4 2
2 2 2 2 4;}
_filtered #yiv4841137974
{panose-1:2 4 5 3 5 4 6 3 2 4;}
_filtered
#yiv4841137974 {font-family:Calibri;panose-1:2 15
5 2 2 2 4 3 2 4;}

#yiv4841137974
#yiv4841137974

Find messages, documents, photos or people

← Back   ↩ ↩ →   🗄 Archive   ⊞ Move   🗑 Delete   ⊘ Spam   ••• ⊡ ▼    ⚙

| | | | |
|---|---|---|---|
| Compose | | | |
| Inbox | 2 | Jimmie Emery   Thanks ——— | May 13 at 9:35 AM |
| Unread | | Joe Ann Tyler   May 30, 2019 Mr. Emery, Congratulations! You hav | May 30 at 11:19 AM |
| Starred | | Joe Ann Tyler   May 30, 2019 Office hours are Monday-Friday. 8:0( | May 30 at 11:55 AM |
| Drafts | 27 | | |
| Sent | | Jimmie Emery   Thanks and what would be the pay ——— | May 30 at 5:27 PM |
| Archive | | Joe Ann Tyler   May 31, 2019 The starting pay equals $36,317.00... | May 31 at 9:29 AM |
| Spam | | Jimmie Emery   Thank you and when are you ready and time ——— | May 31 at 9:42 AM |
| Trash | | Joe Ann Tyler   June 3, 2019 As we spoke on Friday, the starting... | Jun 3 at 8:30 AM |
| ⌃ Less | | | |

Views   Show

Folders   Hide

⊹ New Folder

bank
bill
Business
Court Doc
credit
food stamp
gloria
home depot ...
hot topic
Jobs
jorden melton
mortgage
movies
one bravo co...
one bravo ho...
one bravo la...
pic
rayfield
school
Taxes
word genius   18
yvonne martin

---

Jimmie Emery <jimmie_lee2@yahoo.com>     🖨   Jul 2 at 8:53 PM
To: Joe Ann Tyler

Hi, I received something in the mail from your office and would like to know what it is that should
be waiting on in the mail. Thanks and have a great day

⌄   Hide original message

On Monday, June 3, 2019, 08:30:09 AM CDT, Joe Ann Tyler
<ohaed@opelousashousing.com> wrote:

June 3, 2019

As we spoke on Friday, the starting pay equals $36,317.00 and the office hours are Monday-
Friday from 8:00 a.m. - 4:30. Lunch is from 12:00 - 12:30 p.m.

Thank you once again.

JOE ANN TYLER
EXECUTIVE DIRECTOR

OPELOUSAS HOUSING AUTHORITY


——Original Message——
From: Jimmie Emery [mailto:jimmie_lee2@yahoo.com]
Sent: Friday, May 31, 2019 9:43 AM
To: Joe Ann Tyler <ohaed@opelousashousing.com>
Subject: RE: Interview

Thank you and when are you ready and time

On Fri, 5/31/19, Joe Ann Tyler <ohaed@opelousashousing.com> wrote:

Subject: RE: Interview
To: "Jimmie Emery" <jimmie_lee2@yahoo.com>
Date: Friday, May 31, 2019, 9:29 AM

May 31, 2019

The starting pay equals $36,317.00. You will be under the supervision of Mr. Joseph Pitre.

Again, thanks. We look forward
to working with you!

JOE
ANN TYLER
EXECUTIVE DIRECTOR

Find messages, documents, photos or people



← Back   ↩ ↩↩ ⤴ 🗄 Archive   📁 Move   🗑 Delete   🛡 Spam   •••   ⊤ ▲ ▼   ⟩   ⬚ ⬚ ⬚   ⚙

Inbox                 2

Unread

Starred

Drafts               27

Sent

Archive

Spam

Trash

∧ Less

Views            Show

Folders          Hide

+ New Folder

bank

bill

Business

Court Doc

credit

food stamp

gloria

home depot ...

hot topic

Jobs

jorden melton

mortgage

movies

one bravo co...

one bravo ho...

one bravo la...

pic

rayfield

school

Taxes

word genius      18

yvonne martin

Jimmie Emery <jimmie_lee2@yahoo.com>
To: Joe Ann Tyler                                    ☏   May 10 at 8:02 AM

Ok thank you

On Fri, 5/10/19, Joe Ann Tyler <ohaed@opelousashousing.com> wrote:

Subject: Re:
To: "Jimmie Emery" <jimmie_lee2@yahoo.com>
Date: Friday, May 10, 2019, 6:39 AM

May 10,
2019
Sir,
Your interview has been cancelled
because of the weather.  Please be advised that I will
reschedule for next week.
Thanks,Have a great
day

Joe Ann
TylerOpelousas Housing Authority
On May 8, 2019, at 10:04 AM, Jimmie Emery
<jimmie_lee2@yahoo.com>
wrote:

       Thank you and I look forward to meeting with
you Friday and 10 am

             On Wednesday, May 8, 2019, 11:00:21 AM
EDT, Joe Ann Tyler <ohaed@opelousashousing.com>
wrote:

        #yiv2975378509 —

         filtered  {font-family:Helvetica;panose-1:2 11 6 4 2 2 2 2
2 4;}
#yiv2975378509 filtered  {panose-1:2 4 5 3 5 4 6 3 2 4;}
#yiv2975378509 filtered  {font-family:Calibri;panose-1:2 15
5 2 2 2 4 3 2 4;}
#yiv2975378509
p.yiv2975378509MsoNormal, #yiv2975378509
li.yiv2975378509MsoNormal, #yiv2975378509
div.yiv2975378509MsoNormal
{margin:0in;margin-bottom:.0001pt;font-size:12.0pt;font-family:New
serif;}
#yiv2975378509  a:link, #yiv2975378509
span.yiv2975378509MsoHyperlink
{color:#0563C1;text-decoration:underline;}
#yiv2975378509  a:visited, #yiv2975378509
span.yiv2975378509MsoHyperlinkFollowed
{color:#954F72;text-decoration:underline;}
#yiv2975378509  span.yiv2975378509EmailStyle17
{font-family:sans-serif;color:#1F497D;}
#yiv2975378509  .yiv2975378509MsoChpDefault
{font-size:10.0pt;}
#yiv2975378509 filtered  {margin:1.0in 1.0in 1.0in 1.0in;}
#yiv2975378509  div.yiv2975378509WordSection1
{}
#yiv2975378509 May 8, 2019  Sir:  We don't have any other slots
available.  Thanking you in advance.  JOE ANN TYLEREXECUTIVE DIRECTOROPELOUSAS
HOUSING
AUTHORITY    From: Jimmie Emery [mailto:jimmie_lee2@yahoo.com]



10/10/2019
Case 6:20-cv-00671-RBS-CRW Document 1-3 Filed 05/28/20 Page 27 of 54 PageID #: 33
Louisiana (LA) wrongful termination settlements & cases | WrongfulTerminationSettlements.com


Wrongful Settlements.com

# LOUISIANA WRONGFUL TERMINATION SETTLEMENTS & CASES

**This webpage is focused on unlawful discharge claims and settlements in the state of Louisiana.**



It is really rare for good claims to go to court, because they typically reach settlement out of trial.

A large number of these court cases have mixed settlements, implying that they involved a single, or perhaps a number of claims of unlawful termination as a consequence of sexual orientation, gender expression or gender identity discrimination, breach of employment contract, pregnancy, constructive discharge, whistleblower, race, color, national origin, religion discrimination, age discrimination, workplace retaliation, gender discrimination or firing in violation of public policy.

The table displayed provides ~~~~~~~~~~~~~~~~~~~~~~ of cases filed along with their Want to ask a Lawyer online now? I can connect you ... in 2017.

### RECENT POSTS

 Talk to an employment lawyer online

 Blog

 How to prove wrongful termination in 8 steps

 Wrongful termination in Alabama (AL)

 State rules ?

Average wrongful



| | | CHARGES | USA CHARGES | | |
|---|---|---|---|---|---|
| Louisiana | 1669 | 2.00% | 684 | 468 | |

Source:
https://www1.eeoc.gov/eeoc/statistics/enforcement/state_17.cfm



termination settlement amounts

**Wrongful** termination claims down by 8% in 2017 vs 2016


Wyoming wrongful termination statute of limitations


Wisconsin wrongful termination statute of limitations


West Virginia wrongful termination statute of limitations

## Wrongful discharge and discrimination cases & settlements in Louisiana

# $ 170,000
### 1/7/2010

**EEOC v Saks Fifth Avenue**

Marlene Babin worked for Saks Fifth Avenue in New Orleans since 2000. She was diagnosed with an inflammatory bowel illness, and had 5 major surgeries, which resulted in extended medical leaves.

After her last operation in January of 2005, Babin was called by the company, and told to return to work otherwise she would be fired. Her doctor had only cleared her for work from March, but she returned to work anyways. However, she broke her wrist just

# $ 110,000
### 2/25/2011

**Jauronice Hayes v Brand Energy and Infrastructure Services**

Ms Hayes worked at a Belle Chase plant owned by Conoco Philips. One of her male supervisors made repeated sexual comments and requested sexual favors.

Hayes declined the unwelcome advances of her supervisor, and she was fired in retaliation. Afterwards, her supervisor called her several times and promised her job back, if she would have sex

Want to ask a Lawyer online now? I can connect you ... 


Wrongful
Settlements.com

told her it was because they couldn't accommodate her broken wrist, even though 2 other makeup artists had worked with broken wrists before.

She contacted the EEOC, and filed a lawsuit alleging she was really fired for her bowel disease, which violates the Americans with Disabilities Act. After a judge made it clear that the case would go to court, Saks chose to settle the case and pay $170,000 to Babin. Source

violating Title VII due to sexual harassment and retaliation. The company chose to settle this wrongful termination case. Ms Hayes received $100,000, and another female victim who was also harassed by the same supervisor received $10,000. Source

*30,000.*
# $ 00,000
10/30/2015

*496,000*
# $ 000,000
8/4/2003

## EEOC v Baker Wellness Center, Inc.

Baker Wellness Center is an adult day care center in Baton Rouge.

The EEOC filed a lawsuit against the company, after it received a report from an ex-employee who was wrongfully discharged because of her diabetes. This violates the Americans with Disabilities Act. Firing an employee because of a disability, and not providing

## Michael Lee Johnson v Healthworks International of Winnsboro

Michael Johnson filed and won a religious discrimination and wrongful termination lawsuit against his former employer, Healthworks International.

The case alleged that while working at the company, Johnson was pressured to

Want to ask a Lawyer online now? I can connect you ...

refused, and in retaliation he

Louisiana (LA) wrongful termination settlements & cases | WrongfulTerminationSettlements.com

 Wrongful
Settlements.com

The company chose to settle this wrongful termination case through a consent decree, the victim received $30,000 in damages. Source

ultimately discharged. This behavior violates Title VII, as it present religious discrimination.

The jury awarded Johnson $196,600 in compensatory damages and $300,000 in punitive damages. Source

*125. 000*
# $ 000,000
2/28/2014

*53,000*
# $ 00,000
10/6/2017

**EEOC v Boh Brothers Construction Co**

**Broussard v. First Tower Loan, LLC**

Kerry Woods worked for Boh Brothers on a construction project in New Orleans. He was an iron worker.

His supervisor, also male, started harassing Woods through verbal abuse and showing sexual taunts. Apparently the supervisor thought Woods was too feminine, and didn't fit the stereotypical rough image of an iron worker.

Woods reported this to his superiors, but was retaliated against since he was moved to a different location, than terminated.

The EEOC sued the company on the victims

Tristan Broussard is a legal transgender man (born a woman, later converted into a man).

He worked as a management trainee at the financial loan company in Lake Charles, LA. His supervisors had learned that he was transgender, and presented him with the company dress code, requiring him to dress like a female. They asked him to sign a document acknowledging that him dressing like a male was against the company's personnel policies.



Want to ask a Lawyer online now? I can connect you ...

since employers cannot



Wrongful
Settlements.com

which violates Title VII. Seven years of litigation followed, and in the end, the company settled the lawsuit and paid $125,000 to the victim. Source

The case was settled through arbitration. The company was ordered to pay $53,000 in damages to Broussard. Source

When examining this listing of unlawful termination settlements from Louisiana, take into account that the large amounts of money are as a result of punitive damages, that are handed out to dissuade employers from engaging in the same kind of unlawful act. Punitive damages are especially infrequent. Most court cases will settle for anywhere from twenty thousand to a few hundred thousand dollars.

This unique list of unlawful termination verdicts in LA is meant for informative purposes. Despite the fact that you feel similarity to any of these examples, do not forget that every single situation is unique.

## The average wrongful discharge settlements in Louisiana

It's understandable that you want to determine approximately how much money you are likely to receive for your wrongful dismissal lawsuit. In the event that you settle, **the figure you acquire is primarily based on** the following: job search costs, medical costs, benefits lost, emotional distress, reason of termination and lost wages. Punitive damages could be granted in rare cases, in the event the company acted egregiously.

As so you see from the example lawsuits mentioned above, presenting a standard settlement for wrongful termination claims in LA is really difficult since every claim is different.

**The average wrongful term** Want to ask a Lawyer online now? I can connect you ... **is between $5,000 − $90,00**

when brokering a better settlement.



10/10/2019    Louisiana (LA) wrongful termination settlements & cases | WrongfulTerminationSettlements.com



reasons employers choose to come to a mutually acceptable agreement out of court.

## Filing a wrongful discharge or discrimination claim in Louisiana

If you feel you had been discharged for some kind of unlawful cause, here is what to do.



First of all, you will need to consult with a wrongful termination law firm in Louisiana in order to discover whether there is a claim worth pursuing.

Ensure you don't run out of time to submit your alleged claim, look into the Louisiana laws of limitations regarding wrongful termination.

Second, you are going to probably need to submit a timely claim with the EEOC in New Orleans.

Here are the steps you need to take to file a wrongful discharge claim.



# Emergency Management Institute



# FEMA

This Certificate of Achievement is to acknowledge that

## JIMMIE L EMERY

has reaffirmed a dedication to serve in times of crisis through continued professional development and completion of the independent study course:

### IS-00241
**Decision Making & Problem Solving**

*Issued this 30th Day of November, 2006*



Michael J. Sharon
Deputy Superintendent
Emergency Management Institute
Federal Emergency Management Agency

0.8 IACET CEU

# Emergency Management Institute



U.S. DEPARTMENT OF HOMELAND SECURITY

# FEMA

This Certificate of Achievement is to acknowledge that

## *JIMMIE L EMERY*

has reaffirmed a dedication to serve in times of crisis through continued professional development and completion of the independent study course:

*IS-18 - EEO Employee Course, Equal Employment Opportunities for FEMA Employees*

*Issued this 26th Day of January, 2007*

Cortez Lawrence, PhD
Superintendent
Emergency Management Institute

CBU

St. Landry Parish Clerk of Court's Office
Filed __3·10__ 20__

Dy. Clerk

OPELOUSAS, LOUISIANA __3·20__, 20__20__
This is to certify that the above is a true
and correct copy of the original on file in the
office of the Clerk of Court of St. Landry Parish

Deputy Clerk of Court



**EEOC Respondent Portal**

**Charge of Discrimination**                                                        User Guide    Logout

We look forward to working with you in bringing this matter to an amicable and efficient resolution. A mediator will contact you shortly regarding scheduling the mediation conference. Please remember that until both parties to this charge formally enter into mediation, your Position Statement is due on August 17, 2019.

**Your Organization: OPELOUSAS HOUSING AUTHORITY**
**Your EEOC contact is : Byron Sylve , byron.sylve@eeoc.gov**          Update Organization Name

Contacts ⚙

Add Organization Contact

| Required | Until both parties agree to mediate, a statement of your position on the issues covered in the charge, with supporting documentation is still due by August 17, 2019. For guidance on how to best prepare your Position Statement, please review Effective Position Statements, as EEOC has revised its procedures related to the content and release of position statements, effective January 1, 2016.<br><br>You may be notified at a later date to respond to a Request for Information |
|---|---|

Joe Ann Tyler (Primary)

Executive Director
Opelousas Housing Authority
906 E Laurent Street
OPELOUSAS, LA 70570
ohaed@opelousashousing.com
(337) 942-5693 (main)
(337) 942-1334 (fax)
Update  Delete

Charge: 461-2019-02152

The charge of employment discrimination that has been filed against your organization by *Jimmie L. Emery*, Charge No. *461-2019-02152* is available for you to view. Please click here to open and view a copy of the charge.

Add Legal Representative

No records found.

Statutes and circumstances of alleged discrimination:

* The Americans with Disabilities Act (ADA)
   * Disability

**Charge Documents**

Upload Documents

Notice of Charge
(Notice of Charge)
                              Jul 18, 2019
Signed Charge Of Discrimination
(Charge of Discrimination)
                              Jul 9, 2019

Would you like to participate in the Mediation of this charge?



We invite you to participate in the EEOC's Mediation Program regarding Charge *461-2019-02152*. Mediation is a no-cost, voluntary, and confidential opportunity to work with a third party neutral and the Charging Party to discuss and resolve the EEOC Charge before the EEOC investigates the charge. If you choose to participate in mediation, you are not required to submit a position statement or to submit a response to the charge at this time. If the matter is resolved through mediation, no EEOC investigation will occur.

- Why Mediation? -
⋯

:  Yes

   Undecided

   No

Confirm

https://nxg.eeoc.gov/rsp/jsf/chargenotice.jsf                              7/22/2019

 **U.S. Equal Employment Opportunity Commission**

# Effective Position Statements

When a charge of discrimination is filed with EEOC, the agency has the authority to investigate to determine whether there is a reasonable cause to believe discrimination occurred. EEOC will ask both the Charging Party and the Respondent to provide information as part of its investigation. EEOC may request specific documents, information or interviews from your organization concerning the charge. In most cases, EEOC requests that the Respondent submit a statement of its position (known as a "position statement") with supporting documentation. The purpose of this document is to explain how Respondents can draft effective position statements.

## What should a position statement include?

### Fact-Based Position Statement

At a minimum, it should include **specific, factual** responses to every allegation of the charge, as well as any other facts which you deem relevant for EEOC's consideration. The position statement should clearly explain the Respondent's version of the facts and identify the specific documents and witnesses supporting its position. A well drafted position statement can help EEOC accelerate the investigation and limit requests for additional information.

EEOC also requests that you submit all documentary evidence you believe is responsive to the allegations of the charge. If you submit only an advocacy statement, unsupported by documentary evidence, EEOC may conclude that Respondent has no evidence to support its defense to the allegations of the charge.

Keep the following points in mind as you prepare the response to the charge:

- Address each alleged discriminatory act and your position regarding it and provide copies of documents supporting your position and/or version of the events.
- Provide a description of the organization; include the organization's legal name and address, the name, address, title, telephone number and email address of the person responsible for responding to the charge, the primary nature of the business, and the number of employees. A staffing or organizational chart is also useful in helping to focus the investigation.
- Provide any applicable practices, policies or procedures applicable to the allegations in the charge.
- Identify any individuals other than the Charging Party who have been similarly affected by these practices, policies or procedures; describe the circumstances in which the practices, policies, or procedures have been applied.
- Explain why individuals who were in a similar situation to the Charging Party were not similarly affected.
- Identify official(s) who made decisions or took action relating to the matter(s) raised in the charge.
- Be specific about date(s), action(s) and location(s) applicable to this case.
- Provide internal investigations of the alleged incidents or grievance hearing reports.
- **Inform EEOC if the matter has been resolved or can be resolved; if it can be resolved, please indicate your proposal for resolution.**

An effective position statement **is clear, concise, complete and responsive.** A position statement that simply denies the allegations without providing your position or supporting information is not sufficient.

EEOC may also release your position statement and non-confidential attachments to Charging Parties and their representatives and allow them to respond to enable the EEOC to assess the credibility of the information provided by both parties. It is in the Respondent's interest to provide an effective position statement that focuses on the facts. EEOC will not release the Charging Party's response, if any, to the Respondent.

### Examples of Supporting Documentary Evidence

Some **examples** of the types of documentary evidence which may be submitted in support of a position statement are:

**Example 1:** Charging Party alleges sexual harassment:
You may submit statements or affidavits from witnesses with direct knowledge of the alleged events and/or from the alleged harasser responding to the CP's allegations.

**Example 2:** Charging Party alleges racial discrimination in pay:
You may submit payroll records showing that the compensation of all employees in positions comparable to Charging Party, and information regarding their racial category, criteria for setting pay, and how each employee's pay was determined.

**Example 3:** Charging Party alleges she was fired because of her age (55):
You may submit personnel records documenting the reasons for her termination.

**Example 4:** Charging Party alleges termination because of pregnancy:
You may submit documentation showing your reason for terminating CP.

## Segregate Confidential Information into Separately Marked Attachments

The position statement should only refer to, but not identify information that the Respondent asserts is sensitive medical information, or confidential commercial or financial information. If Respondent relies on confidential medical or commercial information in its position statement, it should provide such information in separate attachments to the position statement labeled "Sensitive Medical Information," "Confidential Commercial or Financial Information," or "Trade Secret Information" as applicable. Provide an explanation justifying the confidential nature of the information contained in the attachments. Medical information about the Charging Party shall not be deemed sensitive or confidential medical information in relation to the investigation.

Respondent should segregate the following information into separate attachments and designate them as follows:

- Sensitive medical information (except for the Charging Party's medical info).
- Social Security Numbers.
- Confidential commercial or financial information.
- Trade secrets information.
- Non-relevant personally identifiable information of witnesses, comparators or third parties, for example, social security numbers, dates of birth in non-age cases, home addresses and personal phone numbers, etc.
- Any reference to other charges filed against the Respondent or to other charging parties, unless the other charges are by the Charging Party.

EEOC will review attachments designated as confidential and consider the justification provided, as the agency will not condone blanket or unsupported assertions of confidentiality.

## Provide Your Response by the Due Date

Provide your response within the stated deadline. A brief extension of time **may** be allowed in particular cases, but only when it is clear that you are working with due diligence to supply all of the necessary information. Evidence of due diligence would include a partial submission of information related to the allegations in the charge.

### Requests for an Extension:

If Respondent believes it requires additional time to respond, it must, at the *earliest possible time* in advance of the due date, make a written request for extension, explain why an extension is necessary, and specify the amount of additional time needed to reply. Submitting a written request for extension of time which has not been granted does not relieve Respondent of complying with the deadline.

## Upload the Position Statement and Attachments into the Respondent Portal

You can upload your position statement and attachments into the Respondent Portal using the **+ Upload Documents** button. Select the "Position Statement" Document Type and click the **Save Upload** button to send the Position Statement and attachments to EEOC. Once the Position Statement has been submitted, you will not be able to retract it via the Portal.

If you do not submit a position statement or respond to EEOC's requests for information, the EEOC may proceed directly to a determination on the merits of the charge based on the information at its disposal or subpoena specific information related to the allegations in the charge.

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 461-2019-02152 |

|  |  |
|---|---|
| Louisiana Commission On Human Rights | and EEOC |
| *State or local Agency, if any* |  |

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone | Year of Birth |
|---|---|---|
| Jimmie L Emery | (225) 312-2154 |  |

| Street Address | City, State and ZIP Code |
|---|---|
| 214 Terry Michael Street, NEW IBERIA, LA 70560 |  |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| OPELOUSAS HOUSING AUTHORITY | 15 - 100 | (337) 942-5693 |

| Street Address | City, State and ZIP Code |
|---|---|
| 906 E Laurent Street, OPELOUSAS, LA 70570 |  |

| Name | No. Employees, Members | Phone No. |
|---|---|---|
|  |  |  |

| Street Address | City, State and ZIP Code |
|---|---|
|  |  |

| DISCRIMINATION BASED ON *(Check appropriate box(es).)* | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN<br>☐ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION<br>☐ OTHER *(Specify)* | Earliest: 07-05-2019    Latest: 07-05-2019<br><br>☐ CONTINUING ACTION |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I began my employment with the Opelousas Housing Authority on June 17, 2019, as an Inspector. During the hiring process, I disclosed that I had been involved in an auto accident in 2018, but that I had no restrictions from my treating physicians and was physically able to perform the essential functions of the job. I was sent for a physical examination and asked to provide a clearance from my treating physician as well. On July 5, 2019, I was discharged.

According to Joanna Tyler, Executive Director, I was discharged based on my physical examination.

I believe I have been discriminated against in violation of the Americans with Disabilities Act, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| Digitally signed by Jimmie Emery on 07-09-2019 09:00 AM EDT | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1.    **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2.    **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3.    **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4.    **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5.    **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so <u>within 15 days</u> of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.



337.942.5693   P.O. Box 689
337.942.1334   Opelousas, LA 70571-0689
800.846.5277   906 E. Laurent Street
800.947.5277   Opelousas, LA 70570

OpelousasHousing.com

Mr. Jimmie Lee Emery
214 Terry Micheal St.
New Iberia, La  70560



Dear Mr. Emery,

    RE:  Separation

You have been employed by the Opelousas Housing Authority a little less than two-weeks.  You currently serve as the **Housing Inspector 2**.  This letter will serve as notice of your non-disciplinary removal from your position as **Housing Inspector 2**.

You do not have the right to appeal this action to the State Civil Service Commission.  In your current position, you are under the Probationary Period.  Civil Service Rule 9.1 establishes a probationary period of not less than six nor more than twenty-four months.  The Housing Authority of the City of Opelousas utilizes a probationary period of no less that twelve months before an employee can be considered for permanent status.  The probationary period may extend through the entire twenty-four month period authorized by the Civil Service Rules if the employee's abilities performance remain in question.

The probationary period is a working-test period during which a new employee's abilities and performance are evaluated.  This period should be used for the new employee only.  This period should be used for the new employee's adjustment and for the elimination of any employee whose performance does not meet the required standard of work.

Thanking you in advance,

Joe Ann Tyler
Executive Director
Opelousas Housing Authority

Joe Ann Tyler        James Rollins      Alice Cole        Linda Prudhomme      Alfred Dupree        Johnnie Shannon
Executive Director   Board Member       Board Member      Board Member         Board Member         Board Member

MICHAEL H. MONTGOMERY, M.D.
MICHAEL W. BASILE, M.D.
LAURA RICHARD BRAHAM, M.D.
LATONYA R. KELLY, M.D.
KEVIN N. GUILLORY, M.D.

FAMILY PRACTICE
Occupational Medicine

# THE FAMILY CLINIC
3921 I-49 SOUTH SERVICE RD.
OPELOUSAS, LOUISIANA 70570-9127

TELEPHONE (337) 942-5706
FAX (337) 942-2644

Employee Name: _Jimmie Emery_____  Exam date: _6/18/19_

Employer: _Opelousas Housing Authority___  Job Title: _____

_____ Currently able to perform this job without accommodation

_____ Currently able to perform this job with the following accommodations:

_____

_____

_____ Temporarily able to perform this job. The employee must return for medical clearance of

the following condition(s). _____

_____

_____ Return for clearance:  _____ 3 months _____ 6 months _____ 1 year _____ 2 years

        _____ Other_____

_____ Based on the high probability of substantial harm, this employee would pose a direct threat

to self or others; the following accommodations might significantly decrease the magnitude of this

threat._____

_____

__✓__ Not acceptable for this job description.

Follow-up medical care recommended: _____

_____

_____         _6/27/2019_

Physician                                                   Date

5504

## THE HOUSING AUTHORITY OF THE CITY OF OPELOUSAS

**SUBJECT:**  **PROBATIONARY PERIOD**

**AUTHORIZATION:**  **JOE ANN TYLER**
**Executive Director**

**EFFECTIVE DATE:** September 15, 2010

### I.  POLICY

Civil Service Rule 9.1 establishes a probationary period of not less than six nor more than twenty-four months.  The Housing Authority of the City of Opelousas utilizes a probationary period of no less than twelve months before an employee can be considered for permanent status.  The probationary period may extend through the entire twenty-four month period authorized by the Civil Service Rules if the employee's abilities and performance remain in question.

### II.  PURPOSE

The probationary period is a working-test period during which a new employee's abilities and performance are evaluated.  This period should be used for the new employee's adjustment and for the elimination of any employee whose performance does not meet the required standard of work.

Probationary employees must understand that they do not possess a property right to their positions such that they serve the Housing Authority in the status of at-will employees.  As such, probationary employees may be separated by the Executive Director at any time, with or without legal cause.

### III.  APPLICABILITY

The probationary period of not less than twelve nor more than twenty-four months is applicable to all new employees entering the classified service.  Specifically, the Civil Service Rules require a probationary period to be served by employees following appointments to:

1.  Permanent positions following certification from an open competitive eligible list;

2.   Original appointments to permanent positions in non-competitive classes; and

3.   Non-competitive re-employment based upon prior service.

Additionally, the Executive Director may require existing employees and civil servants from other agencies seeking employment with the Housing Authority to serve a probationary period of no less than twelve nor more than twenty-four months. Any such employee shall be required to resign his/her permanent status position to accept the probationary position in question. When this occurs, the employee shall be required to sign the Probationary Appointment Acknowledgment Form attached hereto.

## IV.   EXCEPTIONS:

1)   A probationary employee who is absent for military training or military active duty in excess of thirty consecutive calendar days shall be returned to duty in the probationary status at the point he/she reached in the probationary period before leaving. Absences of thirty consecutive calendar days or less shall be counted as part of the probationary period (See Rule 9.3); and

2)   Employees who are on a preferred re-employment list shall be given preferential hiring rights for the agency subject only to the exceptions stated within Rule 17.26. Such employees will be appointed with permanent status unless re-employed into a position which must be filled via probational appointment under Rule 8.10.1.

## V.   MISCELLANEOUS

1)   An employee serving with probationary status cannot be promoted. Any probationary employee who qualifies and is eligible for a position which necessarily would be considered a promotion under the Civil Service Rules must resign his/her probationary appointment and be re-hired for the new position with probationary status, thus requiring that the employee serve a new probationary period of not less than twelve nor more than twenty-four months as required by this policy.

2)   A probationary employee who is permanently transferred, reassigned or demoted to another position shall be eligible for permanent status in the new position between the twelfth and twenty-fourth month of the probationary period which began prior to the change in position.

3) The transition from probationary to permanent status requires an affirmative certification by the Executive Director that the employee has met expectations and the required standard of work during the probationary period. Probationary employees who have not met the required standard of work will not be so certified and therefore, terminated prior to the twenty-fourth month of the probationary period.

## VI.   MERIT INCREASE

Following six months of continuous employment, an employee becomes **eligible** to be considered for a merit increase. Such increase in salary may be granted before permanent status is attained if the employee's performance satisfies established requirements. Employees should remember that the granting of a merit increase is within the discretion of the Executive Director.

## VII.   PERFORMANCE PLANNING & REVIEW

A performance planning session shall be conducted within thirty calendar days of employment, during which the designated Rating Supervisor shall discuss with the probationary employee the factors upon which he/she will be rated and the standard of performance that will be expected during the rating period. Thereafter performance planning sessions and ratings will be conducted in accordance with Chapter 10 of the Civil Service Rules.

## VIII.   QUESTIONS

Any questions regarding this policy should be addressed to the Executive Director.

**HOUSING AUTHORITY OF THE CITY OF OPELOUSAS**

PROBATIONARY APPOINTMENT ACKNOWLEDGMENT FORM

It is the policy of the Opelousas Housing Authority that when a probationary job offer is made to an applicant, he/she shall be informed that the job requires a probationary period of not less than twelve nor more than twenty-four months.

It is also the policy of the Opelousas Housing Authority that an employee already possessing permanent status who applies for and accepts a probationary job offer must sign the following acknowledgment confirming the requirement to serve a probationary period of not less than twelve nor more than twenty-four months.

I, _Jimmie Emery_ UNDERSTAND THAT I HAVE ACCEPTED
    **(Name)**

THE POSITION OF _Inspector 2_ WITH PROBATIONARY STATUS.
    **(Position Title)**

I FURTHER UNDERSTAND THAT THE PROBATIONARY PERIOD REQUIRED BY THE HOUSING AUTHORITY IS NOT LESS THAN TWELVE NOR MORE THAN TWENTY-FOUR MONTHS.

I FURTHER UNDERSTAND THAT I MUST RELINQUISH MY PERMANENT STATUS TO ACCEPT THIS JOB OFFER.

I FINALLY UNDERSTAND THAT AS A PROBATIONARY EMPLOYEE, I DO NOT POSSESS A PROPERTY RIGHT IN THIS POSITION, THAT I SERVE WITH AT-WILL STATUS, AND THAT I CAN BE TERMINATED WITH OR WITHOUT LEGAL CAUSE AT ANY TIME DURING THE PROBATIONARY PERIOD.

_Jimmie Emery_                         _6/11/19_
    **Name**                               **Date**

_Joyce Thomas-Chavis_                   _6/17/19_
    **Witness**                            **Date**

**SERVICE COPY**



D3645207

# SUBPOENA DUCES TECUM

**JIMMIE EMERY**
(Plaintiff)

**VS**

**HUDSON INSURANCE COMPANY, ET AL**
(Defendant)

**NUMBER C-684763 26**

**19ᵗʰ JUDICIAL DISTRICT COURT**

**PARISH OF EAST BATON ROUGE**

**STATE OF LOUISIANA**

**TO:  OPELOUSAS HOUSING AUTHORITY**
**ATTN: RECORDS CUSTODIAN**
**906 E. LAURENT ST.**
**OPELOUSAS, LA 70570**

You have been ordered by the Court to produce in the office of:
**RABALAIS UNLAND**
**1404 GREENGATE DRIVE, SUITE 110**
**COVINGTON, LA 70433**

at **10:00 A.M.** on **FRIDAY FEBRUARY 14, 2020** the following:

**SEE ATTACHED NOTICE OF DEPOSITION AND AFFIDAVIT FOR ITEMS TO BE PRODUCED**
*****SEE ATTACHED CODE OF CIVIL PROCEDURE ARTICLE 1354***

If this case is continued, you must bring those items back with you. If you do not come and do not bring these items, you will be violating the law and may be subject to penalties.

This SUBPOENA was requested by Attorney **RABALAIS, JOHN JOSEPH** and was issued by the Clerk of Court on **JANUARY 31, 2020.**



*Delrich Carr*
*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

---

**SERVICE INFORMATION:**

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20_____, served on the above named party as follows:

**PERSONAL SERVICE:** On the party herein named at _____.

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____.

**DUE AND DILIGENT:** After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of East Baton Rouge, this _____ day of _____, 20_____.

SERVICE:   $_____
MILEAGE:  $_____          _____
TOTAL:       $_____                        Deputy Sheriff

SUBPOENA DUCES TECUM (Office) –2059

ST LANDRY SHERIFF CIVIL
FEB 6 '20 AM10:27

LSA-C.C.P. Art. 1354

### Art. 1354. Subpoena Duces Tecum

A.   A subpoena may order a person to appear and produce at the trial, deposition, or hearing, books, papers, documents, any other tangible things, or electronically stored information, in his possession or under his control, if a reasonably accurate description thereof is given. A subpoena may specify the form or forms in which electronically stored information is to be produced. A party or an attorney requesting the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or cost on a person subject to that subpoena. The court in which the action is pending in its discretion may vacate or modify the subpoena if it is unreasonable or oppressive. Except when otherwise required by order of the court, certified copies, extracts, or copies of books, papers, and documents may be produced in obedience to the subpoena duces tecum instead of the originals thereof. If the party or attorney requesting the subpoena does not specify that the named person shall be ordered to appear, the person may designate another person having knowledge of the contents of the books, papers, documents, other things, or electronically stored information, to appear as his representative.

B.   A person commanded to respond to a subpoena duces tecum may within fifteen days after service of the subpoena or before the time specified for compliance, if such time is less than fifteen days after service, send to the party or attorney designated in the subpoena written objections, with supporting reasons, to any or all of the requests, including objection to the production of electronically stored information in the form or forms requested. If objection is so made, the party serving the subpoena may file a motion to compel compliance with the subpoena and may move for sanctions for failure to reasonably comply.

C.   A person responding to a subpoena to produce books, papers, or documents shall produce them as they are kept in the usual course of business or may organize and label them to correspond with the categories in the demand.

D.   If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena may produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably useable.

E.   A person responding to a subpoena need not produce the same electronically stored information in more than one form.

F.   A person responding to a subpoena need not produce books, papers, documents, or electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel production or to quash, the person from whom production is sought shall show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order production from such sources if the requesting party shows good cause. The court may specify conditions, including an allocation of the costs, for the production.

G.   When the person subpoenaed is an adverse party, the party requesting the subpoena duces tecum may accompany his request with a written request under oath as to what facts he believes the books, papers, documents, electronically stored information, or tangible things will prove, and a copy of such statement shall be attached to the subpoena. If the party subpoenaed fails to comply with the subpoena, the facts set forth in the written statement shall be taken as confessed, and in addition the party subpoenaed shall be subject to the penalties set forth in Article 1357.

H.   Subpoenas duces tecum shall reproduce in full the provisions of this Article.

EAST BATON ROUGE PARISH
Filed Jan 29, 2020 1:39 PM
Deputy Clerk of Court
C-684763
26

JIMMIE EMERY                      DOCKET NO.: 684763 DIV.: 26

VERSUS                           19TH JUDICIAL DISTRICT COURT

HUDSON INSURANCE COMPANY,        PARISH OF EAST BATON ROUGE
MONTGOMERY TRANSPORT, LLC
And KEVIN KIRKWOOD               STATE OF LOUISIANA

## NOTICE OF DEPOSITION FOR RECORDS ONLY

TO:   JIMMIE EMERY
      through his attorney of record:
      William Tyler Downing, Esq.
      827 Saint Louis Street
      Baton Rouge, LA 70802

**PLEASE TAKE NOTICE** that Defendants, Hudson Insurance Company, Montgomery Transport, LLC and Kevin Kirkwood, through undersigned counsel, will take the records only deposition of the following entity, before an authorized officer, on **Friday, February 14, 2020, at 10:00 a.m.** at the law firm of Rabalais Unland, 1404 Greengate Drive, Suite 110, Covington, LA 70433.

Opelousas Housing Authority
**Attn: Records Custodian**
906 E. Laurent St.
Opelousas, LA 70570

You are invited to attend and participate. The deponent will be required to produce the following documents pursuant to a **subpoena duces tecum:**

*A complete and certified copy of your entire personnel (including medical) file on JIMMIE EMERY (SSN: 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; DOB: 09/04/1985) in your custody, control or possession, including, without limitation, employment application, prior work history, list of references, resume', W-2 Forms, 1099 Forms, employee evaluation reports, performance reviews, payroll records, Social Security earnings information, accident reports, workers' compensation claim forms, letters of resignation, separation notices, correspondence, writings, notations, medical records of any kind, doctor's notes, prescriptions forms, health insurance coverage documentation and claim forms, workers' compensation coverage documentation and claim forms and any and all electronically stored information and any and all other information in your possession.*



Certified True and
Correct Copy
CertID: 2020013100182

East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
1/31/2020 10:01 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

**NOTE: THIS IS A RETURN ON A SUBPOENA DUCES TECUM ONLY; NO ORAL TESTIMONY IS REQUIRED.**

Respectfully Submitted,

JOHN J. RABALAIS, (20334)
CHAD N. EVANS (29178)
**RABALAIS UNLAND**
1404 GREENGATE DRIVE, SUITE 110
COVINGTON, LOUISIANA 70433
TELEPHONE: (985) 893-9900
ATTORNEYS FOR THE DEFENDANTS

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 16th day of January, 2020, served a copy of the foregoing pleading on counsel for all parties to this proceeding by mailing the same by United States mail/facsimile and/or email, properly addressed and first class postage prepaid.

ATTORNEY AT LAW

Certified True and Correct Copy
CertID: 2020013100182

East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
1/31/2020 10:01 AM

EAST BATON ROUGE PARISH
Filed Jan 29, 2020 1:39 PM
Deputy Clerk of Court
C-684763
26

JIMMIE EMERY

VERSUS

HUDSON INSURANCE COMPANY,
MONTGOMERY TRANSPORT, LLC
And KEVIN KIRKWOOD

DOCKET NO.: 684763 DIV.: 26

19TH JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

**AFFIDAVIT**

PARISH OF ORLEANS
STATE OF LOUISIANA

BEFORE ME, the undersigned Notary Public, personally came and appeared:

CHAD N. EVANS, ESQ.

Attorney for, and stated:

That he has requested the issuance of a Subpoena Duces Tecum for the personnel records of Jimmie Emery, plaintiff, and party to this litigation, to the following entity:

Opelousas Housing Authority
Attn: Records Custodian
906 E. Laurent St.
Opelousas, LA 70570

That a copy of the Notice of Deposition for Records Only to the aforementioned entity was forwarded to William Tyler Downing, Esq., counsel for plaintiff, by certified mail at least seven days prior to requesting the issuance of the Subpoena Duces Tecum.

New Orleans, Louisiana, this 28th day of January, 2020.

CHAD N. EVANS, ESQ.

SWORN TO AND SUBSCRIBED
BEFORE ME THIS 28TH DAY
OF JANUARY, 2020.

_____ (NOTARY ID NO. 154607 )
NOTARY PUBLIC
My Commission is for Life

ANTONIO MICHAEL DAMAIA
Notary Public
State of Louisiana
Orleans Parish
Notary ID # 154602
My Commission is for Life

Certified True and
Correct Copy
CertID: 2020013100181

East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
1/31/2020 10:01 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

EAST BATON ROUGE PARISH
Filed Jan 29, 2020 1:39 PM
Deputy Clerk of Court

C-684763
26

John J. Rabalais, L.L.C.
Janice B. Unland, A.P.L.C.
Chad N. Evans, L.L.C.*
Matthew D. Crumhorn, L.L.C.
Gabriel E.F. Thompson***
Joshua B. Couvillion



RABALAIS UNLAND
ATTORNEYS AT LAW

Rudolph (Chase) Boeneke III*
Jonathan R. Landry
Blake M. Alphonso
Megan C. Gladner
Antonio DaMale
Daniel E. Brauner
Cory A. Morgan
Emma Moppert
Alexander T. Hautot
Natasha Z. Wilson
Loan H. Do
H. Byron Carter, III ** of Counsel

1404 Greengate Drive, Suite 110, Covington, LA 70433
Telephone 985.893.9900 I Facsimile 985.893.7620

* Also Admitted in TX  |  ** Admitted in MS & AL  |  ***Also Admitted in MA  |  ****Also Admitted in MS

January 28, 2020

**VIA FEDERAL EXPRESS**
19th Judicial District Court
Parish of East Baton Rouge
222 St. Louis Street
Baton Rouge, LA 70802

    Re:  Jimmy Emery v. Hudson Insurance Company, Montgomery
        Transport, LLC and Kevin Kirkwood; Suit # 684763; 19th
        JDC; East Baton Rouge Parish
        D/A       :    08/10/2018
        Our File #  :    6051/0001

Dear Sir/Madam:

    Enclosed please find an original and copy of one (1) Notice
of Records Deposition and Affidavit in the above-captioned matter.
Please file the original into the record of this matter and return
a conformed copy of same. Additionally, please issue and serve a
Subpoena Duces Tecum to the following entity:

        **Opelousas Housing Authority**
        **Attn: Records Custodian**
        **906 E. Laurent St.**
        **Opelousas, LA 70570**

Covington Office (Primary):
1404 Greengate Drive., Suite 110 • Covington, LA 70433

Houston, TX Office:
5599 San Felipe Street, Ste 900 • Houston, TX 77056

Jackson, MS Office:
P.O. Box 720536 • Byram, Mississippi 39272

Certified True and
Correct Copy
CertID: 2020013100163

East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
1/31/2020 10:01 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14;132, 133, and/or RPC Rule 3.3(a)(3).

Clerk of Court
January 28, 2020
Page 2

Please include the following paragraph on the above-referenced Subpoena Duces Tecum:

A complete and certified copy of your entire personnel (including medical) file on JIMMIE EMERY (SSN: 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; DOB: 09/04/1985) in your custody, control or possession, including, without limitation, employment application, prior work history, list of references, resume', W-2 Forms, 1099 Forms, employee evaluation reports, performance reviews, payroll records, Social Security earnings information, accident reports, workers' compensation claim forms, letters of resignation, separation notices, correspondence, writings, notations, medical records of any kind, doctor's notes, prescriptions forms, health insurance coverage documentation and claim forms, workers' compensation coverage documentation and claim forms and any and all electronically stored information and any and all other information in your possession.

Also enclosed is our firm's check in the amount of $147.00 to cover all costs associated with the filing and service of the above-referenced subpoena. Should you have any questions, please contact my paralegal, Kristyn B. Paylor.

Thank you for your assistance in this regard.

Very truly yours,

RABALAIS UNLAND

John J. Rabalais
Chad N. Evans

JJR/CNE/kbp
Enclosures: * Original + 1 Notice of Deposition; Affidavit; Check; SASE
cc:  (w/ encl.)
William Tyler Downing, Esq. **VIA FACSIMILE: (225) 387-2324**

Certified True and
Correct Copy
CertID: 2020013100183

East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
1/31/2020 10:01 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

# RECORD CERTIFICATION

☑ CERTIFIED RECORDS ENCLOSED

☐ **NO** RECORDS EXIST FOR THIS INDIVIDUAL

☐ RECORDS HAVE BEEN DESTROYED


I hereby certify that the attached records on **JIMMIE EMERY**
**(SSN: 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; DOB: 09/04/1985)** are true and correct copies of
those kept in the regular course of business of this facility and
that they constitute all of the records that this facility
possesses on this claimant.


Toya Thomas-Chavis
NAME (PLEASE PRINT)
CUSTODIAN OF RECORDS

Administrator
TITLE

Opelousas Housing Authority
COMPANY

SIGNATURE

9/10/20
DATE