# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAFAYETTE DIVISION

| | |
|---|---|
| **JIMMIE EMERY** | **CASE NO. 6:20-CV-00671** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **HOUSING AUTHORITY OPELOUSAS** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## MEMORANDUM RULING

Presently before the Court is the Motion for Summary Judgment [ECF No. 10] filed by Defendant Housing Authority for City of Opelousas ("OHA"). Plaintiff opposes the motion. For the reasons set forth below, the Court GRANTS the motion.

## I.
### BACKGROUND

Emery was hired by OHA on June 17, 2019 to fill the position of "Inspector 2." As acknowledged by Emery, he was hired on a probationary basis and the transition to a permanent position required medical clearance.[1] At the time of his hire, Emery was also a plaintiff in a personal injury lawsuit originating out of a motor vehicle collision. Emery admits that he experienced back pain as a result of this collision.[2] OHA's Director, Joann Tyler, sent the physical requirements of the Inspector position to the Family Clinic in Opelousas, Louisiana.[3] Emery was evaluated by Dr. Michael Basile (Basile) at this facility on June 18, 2019, and Basile concluded Emery could not perform the physical requirements for this job description.[4] Based on Basile's evaluation, OHA terminated Emery's probationary employment.[5]

---

[1] *See* Exhibit A to Document 10; pgs.28-29; 30, lines 25-12; 1-5.
[2] *Id.,* at pgs.32-33, lines 11-3.
[3] *See* Exhibit F (5) to Document 10.
[4] *See* Exhibit D to Document 10.
[5] *See* Exhibit C to Document 10.

1

After his discharge, Emery filed a Charge of Discrimination with the EEOC on July 9, 2019, and then commenced this suit in the 27th Judicial District Court for St. Landry Parish. OHA timely removed the action  on May 28, 2020.[6] Emery's complaint asserts the following causes of action against OHA: (1) employment discrimination based on disability under Americans with Disabilities Act ("ADA"); (2) a hostile work environment based on discriminatory conduct under Title VII; (3) "public humiliation;" and (4) state law intentional infliction of emotional distress.

OHA then filed the present motion for summary judgment, arguing that there are no triable issues with respect to Emery's ADA and state law claims. Further, OHA argues that there is no cognizable claim for "public humiliation." Emery responded to the motion for summary judgment with a one-page pleading simply stating that:

> PLAINTIFF, JIMMIE EMERY, Hereby, opposes the Motion for Summary Judgment. I have asked the court to hear my case on the matter of said suit. I have asked that a trial be set with a jury to determine the outcome of said suit. I asked that the court reject the motion because there was no trail to determine who's at fault. I have reached out to Opelousas Housing Authority attorney and yet I still have not had a chance in court. I done everything to was asked of me by the court and the attorney in said suit. At no point did I abandon the case, nor did I refuse to do what asked of me. I have answered the response from the court that I received. I know that things hard because of COVID 19, but that still does not explain why I have not received a court date on this matter. I feel as if this case has been prolonged so that I could walk away from said case or not answer something from the court on said case.

Emery did not attach any competent evidence to his opposition, nor did he point to any genuine questions of material fact. The Court notes that, Emery's assertion to contrary, a scheduling order was entered in the case on August 13, 2020 setting the trial date for October 4, 2021. The Court further notes that neither party timely demanded a jury trial and, to the extent that Emery's opposition to summary judgment constitutes a jury demand, it is untimely.[7]

---

[6] ECF No. 1.

[7] Fed. R. Civ. P. 38(b) (a written demand for jury trial must be served "no later than 14 days after the last pleading directed to the issued is served"). The answer to the complaint was filed on July 6, 2020. There have been no further Rule 7(a) pleadings.

## II.
### LAW AND ANALYSIS

**A.     Summary Judgment Standard.**

"A party may move for summary judgment, identifying each claim or defense–or the part of each claim or defense–on which summary judgment is sought."[8] "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[9] "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party."[10] As summarized by the Fifth Circuit:

> When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial. However, where the nonmovant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial.[11]

When reviewing evidence in connection with a motion for summary judgment, "the court must disregard all evidence favorable to the moving party that the jury is not required to believe, and should give credence to the evidence favoring the nonmoving party as well as that evidence supporting the moving party that is uncontradicted and unimpeached."[12] "Credibility determinations are not part of the summary judgment analysis."[13] Rule 56 "mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the

---

[8] Fed. R. Civ. P. 56(a).

[9] *Id.*

[10] *Quality Infusion Care, Inc. v. Health Care Service Corp.*, 628 F.3d 725, 728 (5th Cir. 2010).

[11] *Lindsey v. Sears Roebuck and Co.*, 16 F.3d 616, 618 (5th Cir.1994) (internal citations omitted).

[12] *Roberts v. Cardinal Servs.*, 266 F.3d 368, 373 (5th Cir.2001); *see also Feist v. Louisiana, Dept. of Justice, Office of the Atty. Gen.*, 730 F.3d 450, 452 (5th Cir. 2013) (court must view all facts and evidence in the light most favorable to the non-moving party).

[13] *Quorum Health Resources, L.L.C. v. Maverick County Hosp. Dist.*, 308 F.3d 451, 458 (5th Cir. 2002).

existence of an element essential to that party's case, and on which that party will bear the burden of proof."[14]

B.      **Employment Discrimination Based on Disability.**

A prima facie case under the ADA requires the plaintiff to show that (1) he has a disability within the meaning of the ADA, (2) he is qualified for the position at issue, and (3) he was subjected to an adverse employment action on account of his disability or perceived disability.[15] Under the ADA, an individual is regarded as disabled if he has been subjected to an action prohibited under the ADA "because of an actual or perceived physical or mental impairment whether or not the impairment limits or its proceeds to limit a major life activity."[16] Under the ADA, an individual suffers from a "disability" if that individual has "a physical …impairment that substantially limits one or more major life activities."[17] In 2008, Congress expanded, by an amendment to the ADA, the definition of "disability." In a post-amendment case, the inquiry is whether a plaintiff's impairment substantially limits his ability "to perform a major life activity as compared to most people in the general population."[18] A major life activity is "substantially limited" when the individual is (1) unable to perform a major life activity that the average person in the general population can perform; or (2) significantly restricted as to the condition, manner, or duration under which the average person can perform the same major life activity.[19] "Simply having an impairment is insufficient to make one disabled under the statute; a plaintiff must also show that the impairment substantially limits a major life activity."[20] Further, a plaintiff must have

---

[14] *Patrick v. Ridge*, 394 F.3d 311, 315 (5th Cir. 2004) (alterations in original) (quoting *Celotex v. Catlett*, 477 U.S. 317, 322 (1986)).
[15] *E.E.O.C. v. LHC Group, Inc.,* 773 F.3d 688 (5th Cir. 2014).
[16] 41 U.S.C. §12102(3)(A).
[17] 42 USC §12102(1).
[18] 29 C.F.R.§1630.2(j)(1)(ii).
[19] *See McInnis v. Alamo Community College Dist.,* 207 F.3d 276, 280 (5th Cir. 2000), quoting 29 C.F.R. §1630.2
[20] *E.E.O.C. v. Chevron Phillips Chemical Co.,* 570 F.3d 606, 614 (5th Cir. 2009).

more than a diagnosis of an impairment to prove that he has a disability under the statute; plaintiffs claiming the act's protection must prove a disability by offering evidence that the extent of the limitation, in terms of their own experience, is substantial.[21] An impairment does not include transitory illnesses which have no permanent effect on a plaintiff's health or ability to function.[22]

During his deposition, Emery was questioned with regard to his ability to perform various normal life activities, such as bathing himself, dressing himself, operating a vehicle, talking on the phone, walking without assistance, and even lawn maintenance.[23] As to each question, Emery indicated he was able to perform those tasks and further that he could "do the daily life activities that we customarily do every day."[24] Neither Emery's testimony nor any evidence in the summary judgment record create a triable issue that Emery suffers from an impairment that substantially limits a major life activity. In sum, Emery cannot establish this essential element of his claim and ,therefore, OHA is entitled to summary judgment on this claim.

### C.      Hostile Work Environment.

Title VII of the Civil Rights Act of 1964 ("Title VII") proscribes discrimination "against any individual with respect to compensation, or terms, conditions, or privileges of employment, because of the individual's race, color, religion, sex, or national origin."[25] Title VII discrimination can take the form of a hostile work environment. A hostile work environment exists "when the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment."[26] Isolated incidents of harassment generally will not support a hostile work

---

[21] *See Albertson's Inc. v. Wilkinsburg,* 527 U.S. 555, 567, 119 S. Ct. 2164, 144 L.Ed. 2d 518 (1999).

[22] *See de la Torres v. Bolger,* 781 F. 2d 1134, 1137 (5th Cir. 1986). *See also Evans v. City of Dallas,* 861 F.2d 846,852 (5th Cir. 1988).

[23] *See* Exhibit A to Document 10; pgs. 64-65; lines 5-14

[24] *Id.,* at pg.66, lines 21-25.

[25] 42 U.S.C. § 200e-2(a)(1).

[26] *National R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 116, 122 S.Ct. 2061, 2074, 153 L.Ed.2d 106 (2002).

environment claim unless they are "extremely serious."[27] The conduct complained of "must be both objectively offensive, meaning that a reasonable person would find it hostile and abusive, and subjectively offensive, meaning that the victim perceived it to be so."[28] The offensive conduct must go beyond "[t]he ordinary tribulations of the workplace, such as the sporadic use of abusive language, gender-related jokes, and occasional teasing."[29]   In order to establish a claim based on a hostile work environment under Title VII of the Civil Rights Act, an individual must demonstrate an unlawful employment practice based on the individual belonging in a protected class, such as race, religion or gender.[30]

Here, Emery does not allege that he is a member of a protected class, nor can he allege any form of discriminatory treatment. Rather, according to Emery's deposition testimony, his claim for a hostile work environment is based upon the fact that his supervisors would "get really, really mad at me."[31] These allegations do not create a triable issue on Emery's Title VII hostile work environment claim, and the Court GRANTS summary judgment as to that claim.

### D.    Public Humiliation.

Next, Emery states a claim for "public humiliation." According to his deposition testimony, Emery's public humiliation claim is based on the fact that he was embarrassed because he believes that OHA intended to terminate his employment and that the staff members of OHA were aware of this prior to his actual termination.[32] Emery alleges that this fact caused him public humiliation.

---

[27] *Ivey v. Brennan*, 770 F. App'x 661, 665 (5th Cir. 2019) (citing *Faragher v. City of Boca Raton*, 524 U.S. 775, 788, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998); *see also Harvill v. Westward Commc'ns, L.L.C.*, 433 F.3d 428, 435 (5th Cir. 2005) (citing *Worth v. Tyer*, 276 F.3d 249, 268 (7th Cir.2001)).

[28] *Harvill*, 433 F.3d at 434 (citing *Shepherd v. Comptroller of Pub. Accounts*, 168 F.3d 871, 874 (5th Cir.1999)).

[29] *Faragher*, 524 U.S. at 788.

[30] *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 114 S.Ct. 367, 126, L.Ed.2d 295 (1993).

[31] *See* Exhibit A to Document 10; pgs. 85-87; lines 16-1.

[32] *Id.* at pgs. 79-80, lines 7-3.

The Court is unaware of any cognizable cause of action based upon public humiliation and Emery has not provided any legal basis under either federal or state law in his response to the motion for summary judgment. Accordingly, that claim must be dismissed.

### E.    Intentional Infliction of Emotional Distress.

OHA next challenges Emery's state law claim for intentional infliction of emotional distress. Under Louisiana law, a claim for the intentional infliction of emotional distress requires proof that (1) the conduct of the defendant was extreme and outrageous; (2) emotional distress suffered by the plaintiff was severe; and (3) the defendant intended to inflict emotional distress or knew that severe emotional distress was certain—or substantially certain—to result from the defendant's conduct.[33]

When asked about this claim during his deposition, Emery testified that the claim was based upon the fact that he believed he was going to obtain permanent employment with OHA. Based on that belief, he lost out on other opportunities to earn income. As a result of losing this additional income, he fell behind on his house note. This resulted in a foreclosure proceeding and cost Emery additional money to contest the foreclosure.[34] The only conduct of OHA alleged by Emery was OHA's actions in terminating Emery's probationary employment because he failed to pass a required physical exam. Emery has not alleged any conduct by OHA that amounts to "extreme or outrageous" conduct. Further, Emery fails to allege that he suffered severe emotional distress. Indeed, Emery testified that he had not seen a psychiatrist or psychologist or received any sort of treatment or medication for any emotional distress.[35] In sum, OHA is entitled to summary judgment on Emery's state law claim for intentional infliction of emotional distress.

---

[33] *White v. Monsanto Co.*, 585 So.2d 1205 (La. 1991).
[34] *See* Exhibit A to Document 10, pgs. 77-79, lines 8-6.
[35] *Id.*

# III.
## CONCLUSION

Based upon the foregoing reasons, the Court concludes that there are no genuine issues of material fact with respect to Emery's claims for: (1) employment discrimination based on disability; (2) hostile work environment; (3) public humiliation; and (4) intentional infliction of emotional distress. Accordingly, OHA is entitled to summary judgment on these claims. The Motion for Summary Judgment [ECF No. 10] filed by Defendant Housing Authority for City of Opelousas is GRANTED. Judgment will be entered in favor of OHA dismissing all claims.

THUS DONE in Chambers on this _____ day of September, 2021.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE